UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DYLAN STEWART, JR.,

                                    Plaintiff,

        -against-

COUNTY OF SUFFOLK, RICHARD KWOK, JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                      Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiff DYLAN STEWART, JR., by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

1

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      At all relevant times, plaintiff, DYLAN STEWART was incarcerated at the Riverhead Correctional Facility, 100 Center Drive, Riverhead, New York.

7.      Defendant COUNTY OF SUFFOLK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant COUNTY OF SUFFOLK maintains Suffolk County Sheriff's Office (hereinafter referred to as "SCSO"), a duly authorized public authority tasked with operating the Suffolk County Correctional System, including the Riverhead Correctional Facility, and which is authorized to perform all functions of the correction system as per the applicable sections of the aforementioned municipal corporation, COUNTY OF SUFFOLK.

9.      That at all times hereinafter mentioned, the individually named defendants RICHARD KWOK and JOHN and JANE DOE 1 through 10, were duly sworn correction officers of said system and were acting under the supervision of said system and according to their official duties.  Pursuant to either an official or informal policy or practice, correction officers at Riverhead Correctional Facility do not wear name tags or disclose their names to inmates.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or County of Suffolk.

2

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

12.    Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant COUNTY OF SUFFOLK.

## FACTS

13.    On May 8, 2017, plaintiff DYLAN STEWART was a pre-trial detainee incarcerated at Riverhead Correctional Facility, 110 Center Drive, Riverhead, New York 11901, where he is under the care, custody and control of defendants COUNTY OF SUFFOLK and the SCSO.

14.    Beginning on or about May 8, 2017, plaintiff suffered cruel and unusual punishment when defendant RICHARD KWOK gave him a meal that had been, to plaintiff's belief, tampered with. Furthermore, on June 10, 2017, plaintiff was subjected to excessive force and sexually assaulted by defendant KWOK, in the presence of defendant JOHN DOE 1.  In retaliation for plaintiff filing a complaint about the June 10, 2017 assault that was later substantiated, plaintiff was assaulted on June 29, 2017 by correction officers from the Special Emergency Response Team (hereinafter "SERT").  This lawsuit seeks redress for the needless and corrupt abuse and retaliation inflicted on Mr. Stewart in violation of the United States Constitution.

### First Incident

15.    On or about May 8, 2017, plaintiff was placed in the Behavioral Monitoring Housing Unit (hereinafter "BMHU") at Riverhead Correctional Facility, for a period of 30 days.

16.    Upon information and belief, on said date, during lunch, defendant KWOK delivered a meal to plaintiff in the BMHU.

17.    Plaintiff discovered that his meal was contaminated, to his belief, with a chemical substance, believed to be OC spray.

18.    After plaintiff ate some of the food, he had a reaction and called for assistance.

19.    Defendant Kwok arrived and laughed in response to plaintiff's allegation.

20.    Two sergeants arrived.  Plaintiff provided them with a sample of the contaminated food.

21.    In response, they left.

22.    Next, plaintiff was extracted by SERT.

23.    They came in the cell and told plaintiff to face the wall.

24.    SERT officers threw plaintiff him on his bed, and pulled his arm like a chicken wing and twisted it.  They punched plaintiff in the face, and accused him of lying and causing problems.

25.    The officers put plaintiff in a restraint chair.  They strapped plaintiff down and brought him to the Special Housing Unit ("SHU"), where he would be detained for 45 days.

**Second Incident**

26.    On or about June 10, 2017, at approximately 4:30 p.m., plaintiff was detained in the 4 South West unit, and defendant KWOK was assigned to 4 South East.

27.    Upon information and belief, defendant KWOK, at the above time, personally delivered plaintiff a meal in an uncovered white paper plate.

28.    Due to the fact that the meal was in a plate that was only given to inmates in the BMHU, and plaintiff was in the general SHU, as well as the fact that defendant KWOK had

previously given plaintiff contaminated food, plaintiff denied the meal.

29. Later that afternoon, plaintiff was called for a 6:45 p.m. visit from his mother and grandmother.

30. Upon information and belief, JOHN DOE 1 was the officer designated to escort plaintiff to the lobby, where he would be placed in care of a SERT officer who would further escort him to his visit.

31. Upon plaintiff's arrival at the sally port to be escorted by JOHN DOE 1, defendant KWOK, present with JOHN DOE 1, proceeded to apply restraints to plaintiff, including a waist belt, handcuffs, and shackles to his ankles in an overtight manner, inhibiting plaintiff's ability to walk and causing severe pain and discomfort in his ankles.

32. Plaintiff asked JOHN DOE 1 why defendant KWOK was cuffing him instead of JOHN DOE 1, to which defendant JOHN DOE 1 responded, in sum and substance, "this is between you and him. I cannot help you."

33. Defendant KWOK ignored plaintiff's complaints about the overtight restraints, and plaintiff was taken to the lobby in a grossly painful and uncomfortable state, where he was handed over to a SERT officer.

34. Prior to taking plaintiff to his visit, the SERT officer, realizing that plaintiff's shackles were affecting his ability to walk, stopped by medical so that they could loosen the shackles.

35. Plaintiff was thereafter taken to his visit, where he notified his family of defendant KWOK'S use of excessive force and asked them to report the misconduct to the Internal Affairs Bureau (hereinafter "IAB").

36. After his family visit, between 7:50 p.m. and 8:15 p.m., plaintiff was brought

back to 4 South West, where defendant KWOK and defendant JOHN DOE 1 were waiting.

37.     Defendant KWOK instructed plaintiff to lean against the wall to have his restraints removed.

38.     While releasing plaintiff's waist belt, defendant KWOK leaned in and whispered in plaintiff's ear, in sum and substance, "how would you like it if I grabbed your balls?" while simultaneously groping plaintiff's genitals through his pants for approximately several or more seconds.

39.      Plaintiff screamed and then asked defendant KWOK why he committed the act, and asked defendant JOHN DOE 1 why he allowed KWOK to commit the act.

40.     Plaintiff's restraints were thereafter removed, and he was returned to his cell.

41.     Plaintiff thereafter filed a complaint regarding these events.

42.     On or about January 10, 2018, IAB substantiated plaintiff's claims of misconduct against defendant KWOK arising from the events of June 10, 2017.

**Third Incident**

43.     On or about June 29, 2017, defendant JOHN DOE 1 visited plaintiff's cell.

44.     Defendant JOHN DOE 1 said to plaintiff, in sum and substance, "I had nothing to do with KWOK. I hope you left me off the grievance." To which plaintiff responded, in sum and substance, "it is none of your concern."

45.     As plaintiff was on handcuffs and shackles status, he was only supposed be on tier and/or at recreation by himself and not mixing with other inmates not on that status.

46.     JOHN DOE 1 proceeded to deliberately open the gates for other inmates to come in from recreation, allowing them to be on the tier with plaintiff against SCSO rules and proper procedure as plaintiff was in handcuff and shackles status.

6

47.     Shortly thereafter, plaintiff was attacked by an inmate on plaintiff's way going out to recreation.

48.     A sergeant assigned to the tier sprayed OC spray in plaintiff's eyes.

49.     The sergeant and other officers told plaintiff to lay down or go in his cell to lock in.

50.     SERT officers then extracted plaintiff.

51.     SERT officers took plaintiff to the sally port, then from the sally port to the lobby, and from the lobby to the elevator.

52.     While escorting him to the lobby, a SERT officer told plaintiff, in sum and substance, "I hope you bang your fucking head. I don't like you Stewart."

53.     Plaintiff had difficulty seeing due to the mace in his eyes.

54.     Upon boarding the elevator on the 4th floor with SERT officers, one of the officers told plaintiff, in sum and substance, "that it is what you get for getting one of my peoples taken off the job. Thanks a lot."

55.     SERT officers then proceeded to punch and kick plaintiff in the head, neck, back, shoulders and legs, then slammed plaintiff against the elevator wall, while plaintiff was rear-cuffed and hardly able to see.

56.     Plaintiff exited the elevator limping from the assault.

57.     Plaintiff went to the Jail Medical Unit, where he informed a nurse that he was pepper sprayed by SERT officers and then injured in an elevator, causing pain to his face, neck, back, right thigh and right ankle.

58.     On June 30, 2017, plaintiff received further medical treatment at Peconic Bay Medical Center, where he was diagnosed with a sprain of his right shoulder, and a contusion of

his right thigh, for which he was given pain medication and told to follow up with the Jail Medical Unit.

59.     Plaintiff was thereafter placed in the SHU for 30 days.

60.     The aforesaid events are not isolated incidents.  Defendant COUNTY OF SUFFOLK is aware (from lawsuits, prior incidents, notices of claims, media coverage, and complaints filed) that many SCSO correction officers, including the defendants, are insufficiently trained regarding the proper protection of inmates, that they engage in excessive force and other acts of brutality, that SCSO officers engage in acts of retaliation and other abuse to show who's boss, and that that SCSO officers engage in a practice of not properly monitoring the dorm areas, thereby sanctioning inmate-on-inmate assaults and violence.

61.     Despite such notice, defendant COUNTY OF SUFFOLK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights and resulted in plaintiff's injuries.

62.     Moreover, upon information and belief, defendant COUNTY OF SUFFOLK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as correction officers.  Despite such notice, defendant COUNTY OF SUFFOLK has retained these officers, and failed to adequately train and supervise them.

63.     As a result of the foregoing, plaintiff DYLAN STEWART sustained, *inter alia*, severe physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Eighth and Fourteenth Amendments - 42 U.S.C. § 1983 – Cruel and Unusual Punishment/Excessive Force)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

66.     All of the aforementioned acts deprived plaintiff DYLAN STEWART of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

67.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

68.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and DOCCS, all under the supervision of ranking officers of said department.

69.     The level of force employed by defendants was excessive, objectively unreasonable, constituted cruel and unusual punishment, and was otherwise in violation of plaintiff DYLAN STEWART'S constitutional rights.

70.     As a result of the aforementioned conduct of defendants, plaintiff DYALN STEWART sustained physical and emotional injuries.

71.     As a result of the foregoing, plaintiff DYLAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Eighth and Fourteenth Amendments - 42 U.S.C. § 1983 – Cruel and Unusual Punishment/Sexual Abuse)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "71" with the same force and effect as if fully set forth herein.

73.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

74.     All of the aforementioned acts deprived plaintiff DYLAN STEWART of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

75.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

76.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and DOCCS, all under the supervision of ranking officers of said department.

77.     Defendant KWOK's intentional contact with plaintiff's genitalia and other intimate areas served no penological purpose and was undertaken with the intent to gratify the

officers' sexual desire or humiliate the plaintiff, and thus violated the Eighth Amendment.

78.     As a result of the aforementioned conduct of defendant KWOK, DYLAN STEWART sustained physical and emotional injuries, and deprivation of his constitutional rights.

79.     As a result of the foregoing, plaintiff DYLAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Safety/Failure to Protect under 42 U.S.C. § 1983)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants knew of and disregarded the excessive risk of harm to plaintiff's health and safety.

82.     As a result of the aforementioned conduct of defendants, plaintiff DYLAN STEWART was placed in an environment which threatened his safety and led him to suffer physical injuries.

83.     As a result of the foregoing, plaintiff DYLAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants had an affirmative duty to intervene on behalf of plaintiff DYLAN STEWART, whose constitutional rights were being violated in their presence by other officers.

86. The defendants failed to intervene to prevent the unlawful conduct described herein.

87. As a result of the foregoing, plaintiff DYLAN STEWART was put in fear of his safety, and subjected to unjustified physical abuse. Further, plaintiff sustained severe physical injuries.

88. As a result of the foregoing, plaintiff DYLAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

90. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees and dangerous inmates in their care, custody and control.

91. As a result of the foregoing, plaintiff DYLAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

93. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

94. The aforementioned customs, policies, usages, practices, procedures and rules of the SUFFOLK COUNTY SHERIFF'S OFFICE included, but were not limited to, using excessive force, engaging in retaliatory acts, failing to protect inmates wherein defendants knew of and disregarded the excessive risk of harm to an inmate's health and safety posed by other dangerous inmates and/or engaging in a practice of sanctioning inmate-on-inmate assaults and/or failing to adequate supervise, monitor and control inmates.

95. In addition, the COUNTY OF SUFFOLK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DYLAN STEWART rights as described herein. As a result of the failure of the COUNTY OF SUFFOLK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF SUFFOLK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

96. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO constituted deliberate indifference to the safety, well-

being and constitutional rights of plaintiff DYLAN STEWART.

97.  The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO were the direct and proximate cause of the constitutional violations suffered by plaintiff DYLAN STEWART as alleged herein.

98.  The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO were the moving force behind the Constitutional violations suffered by plaintiff DYLAN STEWART as alleged herein.

99.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO, plaintiff DYLAN STEWART was subjected to physical and emotional harm.

100.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DYLAN STEWART'S constitutional rights.

101.  All of the foregoing acts by defendants deprived plaintiff DYLAN STEWART of federally protected rights, including, but not limited to, the right:

      A.  To be free from excessive force;

      B.  To be free from the failure to protect;

      C.  To be free from the failure to intervene;

      D.  To be free from violation of due process rights; and

      E.  To be free from supervisory liability.

102.  As a result of the foregoing, plaintiff DYLAN STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DYLAN STEWART demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury:

(B)   punitive damages against the individual defendants in an amount to be determined by a jury:

(C)   reasonable attorneys' fees and the costs and disbursements of their action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
March 16, 2020

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff DYLAN STEWART
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: _____
*Brett Klein*
BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DYLAN STEWART,


                                           Plaintiff,


         -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S
OFFICE, RICHARD KWOK, JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown)

                                           Defendants.

-------------------------------------------------------------------------------X



**COMPLAINT**



**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132