UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DYLAN STEWART, JR.,

                                            Plaintiff,

-against-

COUNTY OF SUFFOLK, RICHARD KWOK, JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane Doe
Being fictitious, as the true names are presently unknown),

                                                      Defendants.

**ANSWER**

20-cv-01408 (SJF) (AYS)

**JURY TRIAL DEMANDED**

Defendant, County of Suffolk, by its attorney, Dennis M. Cohen, Acting Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's complaint respectfully:

1. Avers that the allegations contained in the paragraphs numbered 1, 2, 3, 4 and 5 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to denies any conduct giving rise to any cause of action thereunder.

2. With regard to the paragraphs numbered 6 and 8 of the complaint, admit only that the plaintiff was incarcerated at the Suffolk County Correctional Facility; otherwise denied.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and 63 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

4. Answering the paragraph numbered 64 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

5. Denies, upon information and belief, the allegations contained in the paragraphs numbered 65, 66, 67, 68, 69, 70 and 71 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

6. Answering the paragraph numbered 72 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

7. Denies, upon information and belief, the allegations contained in the paragraphs numbered 73, 74, 75, 76, 77, 78 and 79 of the complaint.

## AS TO THE THIRD CAUSE OF ACTION

8. Answering the paragraph numbered 80 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Denies, upon information and belief, the allegations contained in the paragraph numbered 81, 82 and 83 of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION

10. Answering the paragraph numbered 84 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. Denies, upon information and belief, the allegations contained in the paragraphs numbered 85, 86, 87 and 88 of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION

12. Answering the paragraph numbered 89 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

13. Denies, upon information and belief, the allegations contained in the paragraphs numbered 90 and 91 of the complaint.

## AS TO THE SIXTH CAUSE OF ACTION

14. Answering the paragraph numbered 92 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

15. Denies, upon information and belief, the allegations contained in the paragraphs numbered 93, 94, 95, 96, 97, 98, 99, 100, 101 and 102 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. That defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

24. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

25. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

26. That in performing such duties and responsibilities, defendants are and were

protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. That this inmate claim is barred by the provisions of 42 USC §1997.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
May 12, 2020

                                    Yours etc.,
                                    Dennis M. Cohen
                                    Acting Suffolk County Attorney
                                    Attorney for Defendant County of Suffolk
                                    H. Lee Dennison Building
                                    100 Veterans Memorial Highway
                                    Hauppauge, New York 11788

                    By:     */s/ Arlene S. Zwilling*
                                    Arlene S. Zwilling
                                    Assistant County Attorney

TO:

Brett H. Klein, Esq., PLLC
305 Broadway, Suite 600
New York, New York 10007