Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
631-474-1776
shieldscj524@gmail.com
Attorneys for Richard Kwok,
Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

DYLAN STEWART, JR.,

        Plaintiff,

—against—

RICHARD KWOK, Individually, THOMAS LOMBARDI, Individually, MICHAEL MEINARDUS, Individually, JOSEPH COBIS, Individually, JAY HAMPTON, Individually, JOHN HENRY, Individually, MICHAEL POETTA, Individually, ANTHONY BRETZ, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

        Defendants.
_____

Case No. 20-cv-1408-SJF

OPPOSITION OF DEFENDANT RICHARD KWOK TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT: MEMORANDUM OF LAW; DECLARATION OF RICHARD KWOK; DECLARATION OF CAROLYN SHIELDS

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RICHARD KWOK**

## I. FACTS

The affidavit of purported service of the summons and complaint on Richard Kwok (hereinafter the "Defendant") is filed as document #20 in the ECF docket. (Shields declaration, Exhibit A.) It states that delivery of the summons and complaint was made to a person at 19 Malvern Lane, Stony Brook, New York 11790 on June 13, 2020, followed by

1

mailing the summons and complaint to the same address on June 15, 2020. This is not good service under any federal or state method of service. (See parts III and IV.)

There is no affidavit of service of the amended complaint (ECF document #9) on the Defendant although it had been filed on June 9, 2020 before the June 13, 2020 purported service of the summons and superseded original complaint on the Defendant. The Kwok declaration shows that the amended complaint, the operative complaint, was not served on him.

## II. THE ENTRY OF DEFAULT BY THE CLERK WAS IMPROPERLY OBTAINED

Plaintiff sought and obtained a certificate of default <u>after</u> the amended complaint had superseded the original complaint (on June 9, 2020), when the original complaint was a nullity, and when the amended complaint had not been served on the Defendant. This was improper.

Even if the original complaint had been served on the Defendant, what would have been served was a superseded, dead, complaint: "Although the record demonstrates that Kempf was properly served with the summons and original complaint on December 16, 2009, Castiglione filed her amended complaint less than 21 days later, on December 23, 2009, . . . thus eliminating Kempf's obligation to respond to the original complaint and averting his default, *see* Fed.R.Civ.P. 15(a)(1)(B)." *Castiglione v. Papa*, 423 F. App'x 10, 12 (2d Cir. 2011) (summary order). The same rule applies to service of an original complaint, even if proper, after filing of an amended complaint superseding it.

Similarly, no default judgment should be entered for failure of the Defendant to respond to a superseded complaint.

Thus, the following sections discussing why service of the original complaint was not effected do not have to be considered. The Defendant had no obligation to respond to a superseded complaint.

### III. THERE WAS NO SERVICE UNDER THE FEDERAL RULES

Rule 4(e)(2)(A), Fed. R. Civ. P., authorizes service by delivery to a defendant personally. Rule 4(e)(2)(B), Fed. R. Civ. P., authorizes service of the summons and complaint by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. The affidavit of service of the summons and complaint shows that the summons and complaint were delivered to a person at 19 Malvern Lane, Stony Brook, New York 11790.

The affidavit of service shows that the summons and complaint were not delivered to the Defendant personally.

The Kwok declaration shows that 19 Malvern Lane, Stony Brook, New York 11790 is not his dwelling or usual place of abode.

### IV. THERE WAS NO SERVICE UNDER THE STATE RULES

Rule 4(e)(1), Fed. R. Civ. P., authorizes service in accordance with a method provided by state law, here New York CPLR 308. Both the affidavit of service and the Kwok declaration show that the summons and complaint were not delivered personally to the Defendant under CPLR 308(1).

The Kwok declaration shows that 19 Malvern Lane, Stony Brook, New York 11790 was not his actual place of business, dwelling place or usual place of abode for purposes of delivery and mailing under CPLR 308(2).

Under the circumstances discussed in this section and the preceding section, service of the summons and complaint has not been made on the Defendant.

## V. THE NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT WERE NOT SERVED ON THE DEFENDANT

The affidavit of service of plaintiff's notice of motion and motion for default judgment (ECF document #36) states that they were sent to the Defendant by mailing them to 19 Malvern Lane, Stony Brook, New York 11790, which as shown above is not Defendant's dwelling or usual place of abode or actual place of business.

## VI. THE AFFIDAVIT OF SERVICE AND THE NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT WERE SENT TO THE DEFENDANT BY HIS ATTORNEY

As shown by the Shields declaration, the affidavit of attempted service of the summons and complaint and the affidavit of the notice of motion and motion for default judgment were sent to the Defendant by his attorney, the latter on September 17, 2020.

## CONCLUSION

For the reasons discussed herein, and supported by the Kwok and Shields declarations, the Defendant asks the Court to deny plaintiff's motion for default judgment, to vacate the Clerk's entry of default as improper, and to dismiss the case against Richard Kwok.

If the Court should reject Defendant's arguments, Defendant asks for an extension of time to answer or otherwise respond to the complaint or amended complaint.

Dated: September 17, 2020                         _s/ Carolyn Shields_
                                                  Carolyn Shields
                                                  Liu & Shields LLP
                                                  41-60 Main Street, Suite 208A
                                                  Flushing, NY 11355
                                                  631-474-1776
                                                  shieldscj524@gmail.com
                                                  Attorneys for Richard Kwok,
                                                  Defendant